# United States District Court
# Eastern District of California

| | |
|---|---|
| JAMES WILLIAMS, | CV 06-01309 TJH |
|            Petitioner, | |
|    v. | Order |
| FRISCO, et al., | |
|            Respondents. | |

     James Williams ("Williams") filed this petition for federal habeas corpus relief, claiming the state court violated his Fourteenth Amendment due process rights, by upholding the Board of Parole Hearings' ("Board") January 19, 2005, decision finding him unsuitable for parole. Furthermore, according to the matrix applied in indeterminate sentencing cases, Williams should only serve twenty-one years, which he has. Williams, also, contends that the Board violated his equal protection rights.

• • • • • •

Williams's third claim, that the Board violated of his equal protection rights, was not brought before the California Supreme Court and is, thus, unexhausted. A petition containing both exhausted and unexhausted claims is "mixed" and cannot be ruled on by this Court. Rose v. Lundy, 455 U.S. 509, 522, 71 L. Ed. 2d 379, 390 (1982). Subsequent to the Court's decision in Rose, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposed a 1-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The combined effect of Rose and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims-including those already exhausted. Pliler v. Ford, 542 U.S. 225, 230, 159 L. Ed. 2d 338, 347 (2004).

An outright dismissal of Williams's petition would render it impossible to return to federal court because Williams is not within the one-year limitation period imposed by the AEDPA. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003). When dismissal would jeopardize claims potentially barred by AEDPA's statute of limitations this Court may permit the petitioner to amend his petition to delete unexhausted claims. Kelley, 315 F.3d at 1070. If Williams fails to amend the petition, it will be dismissed.

It is Ordered that Williams be, and hereby is, permitted to amend the petition and delete the unexhausted claim. The amended petition shall be filed within 30 days.

Date: December 18, 2009

_____
Terry J. Hatter, Jr.
Senior United States District Judge