United States District Court
Central District of California
Western Division

| | |
|---|---|
| JAMES WILLIAMS,<br><br>              Petitioner,<br><br>    v.<br><br>WARDEN FRISCO, *et al.*,<br><br>              Respondents. | CV 06-01309 TJH<br><br><br>Order |

The Court has considered Petitioner's petition for *habeas corpus*, together with the moving and opposing papers.

After the California Supreme Court denied Williams's petition for *habeas corpus*, Williams filed a petition for federal *habeas corpus* claiming (1) his guilty plea was involuntary, (2) no post-conviction evidence shows Williams poses a danger to society, and (3) his "liberty interest is being denied."

. . . . . . .

A district court should not grant a writ of *habeas corpus* unless the adjudication of the case in state court resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).

Williams first contends that his guilty plea is invalid because he was unaware that the commitment offense could be used to deny him parole. "Due Process guarantees under the fifth amendment require that a defendant's guilty plea be voluntary and intelligent." *Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir. 1988). "A plea of guilt is voluntary only if it is entered by one fully aware of the *direct* consequences of his plea." *Torrey*, 842 F.2d at 235 (emphasis in original). "[A]lthough a defendant is entitled to be informed of the direct consequences of the plea, the court need not advise him of all the possible collateral consequences." *Torrey*, 842 F.2d at 235.

Direct consequences have "a definite, immediate and largely automatic effect on the range of the defendant's punishment." *United States v. Littlejohn*, 224 F.3d 960, 965 (9th Cir. 2000). Consequences dependent on the actions of a body other than the sentencing court are collateral, and a court need not advise a pleading defendant of those consequences. *Littlejohn*, 224 F.3d at 965. A parole board's authority to grant or deny parole is "separate and distinct from that of the sentencing judge." *Sanchez v. United States*, 572 F.2d 210, 211 (9th Cir. 1977).

Furthermore, evidence of the commitment offense is proper for a parole determination. *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006). Moreover, to set aside a guilty plea, a defendant must show a

"reasonable probability" that, but for his ignorance as to a direct consequence, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333 (2004).

The Parole Board's use of the commitment offense to deny parole was proper. *See Sass*, 461 F3d at 1129. Since the Parole Board is a body separate and distinct from the sentencing court, its consideration of the commitment offense is a collateral consequence of a guilty plea. *See Sanchez*, 472 F.2d at 211. Accordingly, the sentencing court need not have informed Williams that the Parole Board may use his commitment offense to deny parole. *See Littlejohn*, 224 F.3d at 965. Even if the sentencing court had to inform Williams about the details of parole hearings, he does not assert that, but for the lack of information, he would not have entered his plea, let alone show "reasonable probability" of such a result. The Parole Board's denial of parole was not contrary to, nor involved an unreasonable application of, clearly established federal law, and, is not grounds for *habeas* relief. 28 U.S.C. § 2254(d).

Williams further contends that no post-conviction evidence shows he poses a danger to the public. "In the absence of state law establishing otherwise, there is no federal constitutional requirement that parole be granted in the absence of 'some evidence' of future dangerousness or anything else." *Hayward v. Williams*, 603 F.3d 546, 561 (9th Cir. 2010). California, however, requires that a parole board's denial of parole be supported by "some evidence" of future dangerousness. *Hayward*, 603 F.3d at 561. The relevant question is whether there was an "unreasonable application" of the "some evidence" standard or whether the "some evidence" finding was based on an "unreasonable determination of the facts in light of the evidence." *Hayward*, 603 F.3d at 561. The parole board shall release a

prisoner unless the board "determines that the gravity of the current convicted offense … is such that consideration of the public safety requires a more lengthy period of incarceration." *Hayward*, 603 F.3d at 561.  Contrary to Williams's contention, a parole board need not only consider post-conviction evidence; evidence of the commitment offense is proper for a parole determination. *Sass*, 461 F.3d at 1129.

In 2005, at Williams's latest parole hearing, the Parole Board noted several factors in denying his parole.  The Parole Board found the offense was carried out in an "extremely cruel and callous manner," "which show[ed] a total disregard for human suffering."  The Parole Board noted Williams's history of violence, assaultive behavior, and alcoholism.  Finally, the Board also noted Williams's counselors only deemed him a low risk in 2002.  The Board determined that Williams's positive aspects did not overcome his unsuitable-for-parole factors.

Williams's testimony during his 2005 parole hearing supports the Parole Board's findings.  While the Parole Board made some findings that, alone, support parole, the testimony and evidence presented at the 2005 parole hearing constitute "some evidence" of future dangerousness.  Since there was "some evidence" to support the Parole Board's determination, the denial of parole was not contrary to, nor involved an unreasonable application of, clearly established federal law.  *See Hayward*, 603 F.3d at 561.

Williams, lastly, contends that his "[l]iberty interest is being denied." Federal law provides that a state's statutory parole scheme gives rise to a liberty interest if mandatory language provides parole release upon certain designated findings.

*McQuillion v. Duncan*, 306 F.3d 895, 901 (9th Cir. 2002). California's parole scheme uses mandatory language, and thus, gives rise to such an interest, but, only in the absence of certain findings. *McQuillion*, 306 F.3d at 901. A California parole panel "shall set a release date unless it determines that the gravity of the current convicted offense … is such that consideration of the public safety requires a more lengthy period of incarceration." Cal. Penal Code § 3041(b). (2010).

Under California's parole scheme, Williams would have a liberty interest unless the gravity of his current convicted offense is such that consideration of the public safety required a more lengthy period of incarceration. *See McQuillion*, 306 F.3d at 901. In 2005, the Board did, in fact, find that public safety required a more lengthy period of incarceration, given the nature of the commitment offense. The Parole Board's finding was not unreasonable, given Williams's testimony at his last parole hearing, and, therefore, Williams does not have a liberty interest that can be violated. Because the state's action was not contrary to, and did not involve an unreasonable application of, clearly established federal law, Williams's final claim is not ground for *habeas* relief. *McQuillion*, 306 F.3d at 901

• • • • • • •
• • • • • • •
• • • • • • •
• • • • • • •
• • • • • • •
• • • • • • •

Williams has failed to show the state courts' denial of his *habeas corpus* petition was contrary to, or involved an unreasonable application of, clearly

established federal law.  Therefore,

It is Ordered that the petition be, and hereby is, Denied.

Date:  July 6, 2010

_____
Terry J. Hatter, Jr.
Senior United States District Judge